IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IBEW-NECA SOUTHWESTERN § | |
| HEALTH AND BENEFIT FUND, § | |
| AND ITS TRUSTEES, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:07-CV-0376-D |
| VS. § | |
| § | |
| FAIRBAIRN ELECTRIC, INC., § | |
| et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiffs IBEW-NECA Southwestern Health and Benefit Fund ("Southwestern Fund") and its trustees and National Electrical Benefit Fund ("National Fund") move for summary judgment against defendant Fairbairn Electric, Inc. ("Fairbairn") on claims for breach of contract and under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, and against defendant Jack D. Green ("Green"), a Fairbairn officer, under the Texas Construction Trust Fund Act, Tex. Prop. Code Ann. §§ 162.001-162.033 (Vernon 2007) ("CTFA"). For the reasons that follow, the court grants the motion.

I

Fairbairn entered into a collective bargaining agreement ("CBA") with Local 278 International Brotherhood of Electrical

Workers.[1]  The CBA obligated Fairbairn to abide by the terms of trust fund agreements adopted by Southwestern Fund, an employee welfare benefit plan, and National Fund, an employee pension benefit plan.  Under the trust fund agreements, Fairbairn was required to make regular contributions to Southwestern Fund and National Fund on behalf of employees who were subject to the CBA.  Fairbairn allegedly became delinquent in these contributions after November 2006.  This suit followed.

Southwestern Fund and National Fund allege that Fairbairn breached the CBA and violated a provision of ERISA, 29 U.S.C. § 1145, by failing to make regular contributions after November 2006.  After Fairbairn answered the complaint, its counsel withdrew.  Fairbairn failed to comply with a court order requiring that it obtain counsel, and the court struck Fairbairn's defenses and granted an interlocutory default judgment for the principal amount of contributions owed, to be determined after discovery, and for other relief.  In their summary judgment motion, Southwestern Fund and National Fund waive their rights to certain relief and seek only the principal amount of contributions, post-judgment interest, and taxable costs of court.  Plaintiffs allege that

---

[1]Although the court attempts to recount the facts and draw all reasonable inferences in favor of defendants as the summary judgment nonmovants, *see*, *e.g.*, *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.,* 422 F.Supp.2d 698, 702 n.2 (N.D. Tex. 2006) (Fitzwater, J.), its task is more difficult due to defendants' failure to respond to plaintiffs' motion.

Green, a Fairbairn officer, is jointly and severally liable under the CTFA for the delinquent contributions. Green answered the complaint, and no default judgment has been entered against him. Neither Fairbairn nor Green has responded to plaintiffs' summary judgment motion.

II

Because Southwestern Fund and National Fund will have the burden of proving their claims against Fairbairn and Green at trial, they must establish "'beyond peradventure all of the essential elements of [these] claim[s].'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). Although neither Fairbairn nor Green has responded to plaintiffs' motion, their failure to respond does not, of course, permit the court to enter a "default" summary judgment. The court is permitted, however, to accept plaintiffs' evidence as undisputed. *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.).

III

The court addresses first plaintiffs' summary judgment motion against Fairbairn. As explained above, Southwestern Fund and National Fund obtained an interlocutory default judgment against Fairbairn for the principal amount of delinquent contributions. They now maintain that they are entitled to contributions for the

months of December 2006 through June 2007, totaling $48,037.50 for Southwestern Fund and $8,066.17 for National Fund. They introduce supporting evidence in the form of payroll reporting forms for each month. The evidence shows that Southwestern Fund is owed the total sum of $48,037.50 and that National Fund is owed the total sum of $8,066.17. The court accepts this evidence as true given the absence of evidence or of a response from Fairbairn that disputes plaintiffs' proof. Moreover, plaintiffs' evidence is internally coherent and consistent with their argument that Fairbairn was delinquent from December 2006 to June 2007. Therefore, the court holds that Southwestern Fund and National Fund have established beyond peradventure the amount of Fairbairn's liability. Accordingly, the court grants summary judgment in favor of Southwestern Fund for $48,037.50, plus post-judgment interest and taxable court costs, and grants summary judgment in favor of National Fund for $8,066.17, plus post-judgment interest and taxable court costs.

IV

The court next considers plaintiffs' claim against Green.

A

Southwestern Fund and National Fund have adduced evidence against Green in the form of unanswered requests for admissions. Because Green did not respond to the requests, they are deemed admitted under Fed. R. Civ. P. 36(a)(3). This means that they are

"conclusively established," even as to matters that "relate to material facts that defeat a party's claim." *Robax Corp. v. Prof'l Parks, Inc*., 2008 WL 3244150, at *2 n.4 (N.D. Tex. Aug. 8, 2008) (Fitzwater, C.J.) (internal quotation marks omitted) (quoting *Am. Auto Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991)).

B

The CTFA is a "remedial statute" designed "to give protection to materialmen in addition to that provided by the materialman's liens statutes." *C&G, Inc. v. Jones*, 165 S.W.3d 450, 454 (Tex. App. 2005, pet. denied). It "imposes fiduciary responsibilities on contractors to ensure that subcontractors, mechanics and materialmen are paid for work completed." *In re Waterpoint Int'l LLC*, 330 F.3d 339, 345 (5th Cir. 2003). As such, it should be "liberally construed for the purpose of protecting laborers and materialmen." *RepublicBank Dallas, N.A. v. Interkal, Inc*., 691 S.W.2d 605, 607 (Tex. 1985).

In outline form, the CTFA establishes criminal penalties for trustees who misapply trust funds. *See* Tex. Prop. Code Ann. § 162.032 (Vernon 2007). Construction payments are trust funds if they are "made to a contractor or subcontractor or to an officer, director, or agent of a contractor or subcontractor, under a construction contract for the improvement of specific real property in this state." *Id.* § 162.001(a). An individual who furnishes

labor or materials under such a contract is a "beneficiary" of the trust funds. *Id.* § 162.003. The trustee, in turn, is a "contractor, subcontractor, or owner or an officer, director, or agent of a contractor, subcontractor, or owner, who receives trust funds or who has control or direction of trust funds." *Id.* § 162.002. Under the CTFA, a trustee is liable for misapplication of trust funds if he "intentionally or knowingly or with intent to defraud, directly or indirectly retains, uses, disburses, or otherwise diverts trust funds without first fully paying all current or past due obligations incurred by the trustee to the beneficiaries of the trust funds." *Id.* § 162.031(a).

Although the CTFA speaks in terms of criminal penalties, Texas courts have recognized a private cause of action for misapplication of trust funds. Persons are subject to civil liability under the CTFA if "(1) they breach the duty imposed by the [CTFA], and (2) the requisite plaintiffs are within the class of people the Act was designed to protect and have asserted the type of injury the Act was intended to prohibit." *Lively v. Carpet Servs., Inc.*, 904 S.W.2d 868, 873 (Tex. App. 1995, writ denied).

Moreover, the mental state specified in the statute——"intentionally, knowingly, or with intent to defraud"——does not apply in civil actions. *Lively* holds that intent to defraud is not required for civil liability. *Lively*, 904 S.W.2d at 875. The court of appeals reasoned that this "would be

labor or materials under such a contract is a "beneficiary" of the trust funds. *Id.* § 162.003. The trustee, in turn, is a "contractor, subcontractor, or owner or an officer, director, or agent of a contractor, subcontractor, or owner, who receives trust funds or who has control or direction of trust funds." *Id.* § 162.002. Under the CTFA, a trustee is liable for misapplication of trust funds if he "intentionally or knowingly or with intent to defraud, directly or indirectly retains, uses, disburses, or otherwise diverts trust funds without first fully paying all current or past due obligations incurred by the trustee to the beneficiaries of the trust funds." *Id.* § 162.031(a).

Although the CTFA speaks in terms of criminal penalties, Texas courts have recognized a private cause of action for misapplication of trust funds. Persons are subject to civil liability under the CTFA if "(1) they breach the duty imposed by the [CTFA], and (2) the requisite plaintiffs are within the class of people the Act was designed to protect and have asserted the type of injury the Act was intended to prohibit." *Lively v. Carpet Servs., Inc.*, 904 S.W.2d 868, 873 (Tex. App. 1995, writ denied).

Moreover, the mental state specified in the statute——"intentionally, knowingly, or with intent to defraud"——does not apply in civil actions. *Lively* holds that intent to defraud is not required for civil liability. *Lively*, 904 S.W.2d at 875. The court of appeals reasoned that this "would be

labor or materials under such a contract is a "beneficiary" of the trust funds. *Id.* § 162.003. The trustee, in turn, is a "contractor, subcontractor, or owner or an officer, director, or agent of a contractor, subcontractor, or owner, who receives trust funds or who has control or direction of trust funds." *Id.* § 162.002. Under the CTFA, a trustee is liable for misapplication of trust funds if he "intentionally or knowingly or with intent to defraud, directly or indirectly retains, uses, disburses, or otherwise diverts trust funds without first fully paying all current or past due obligations incurred by the trustee to the beneficiaries of the trust funds." *Id.* § 162.031(a).

Although the CTFA speaks in terms of criminal penalties, Texas courts have recognized a private cause of action for misapplication of trust funds. Persons are subject to civil liability under the CTFA if "(1) they breach the duty imposed by the [CTFA], and (2) the requisite plaintiffs are within the class of people the Act was designed to protect and have asserted the type of injury the Act was intended to prohibit." *Lively v. Carpet Servs., Inc.*, 904 S.W.2d 868, 873 (Tex. App. 1995, writ denied).

Moreover, the mental state specified in the statute——"intentionally, knowingly, or with intent to defraud"——does not apply in civil actions. *Lively* holds that intent to defraud is not required for civil liability. *Lively*, 904 S.W.2d at 875. The court of appeals reasoned that this "would be

labor or materials under such a contract is a "beneficiary" of the trust funds. *Id.* § 162.003. The trustee, in turn, is a "contractor, subcontractor, or owner or an officer, director, or agent of a contractor, subcontractor, or owner, who receives trust funds or who has control or direction of trust funds." *Id.* § 162.002. Under the CTFA, a trustee is liable for misapplication of trust funds if he "intentionally or knowingly or with intent to defraud, directly or indirectly retains, uses, disburses, or otherwise diverts trust funds without first fully paying all current or past due obligations incurred by the trustee to the beneficiaries of the trust funds." *Id.* § 162.031(a).

Although the CTFA speaks in terms of criminal penalties, Texas courts have recognized a private cause of action for misapplication of trust funds. Persons are subject to civil liability under the CTFA if "(1) they breach the duty imposed by the [CTFA], and (2) the requisite plaintiffs are within the class of people the Act was designed to protect and have asserted the type of injury the Act was intended to prohibit." *Lively v. Carpet Servs., Inc.*, 904 S.W.2d 868, 873 (Tex. App. 1995, writ denied).

Moreover, the mental state specified in the statute——"intentionally, knowingly, or with intent to defraud"——does not apply in civil actions. *Lively* holds that intent to defraud is not required for civil liability. *Lively*, 904 S.W.2d at 875. The court of appeals reasoned that this "would be

inconsistent with the fiduciary relationship imposed by the [CTFA]. If civil recovery were restricted to instances in which there had been an affirmative intent to defraud, there would be no point in establishing the high standard of care characteristic of the fiduciary relationship." *Id*. This reasoning applies with equal force to requiring for civil liability that the trustee acted intentionally or knowingly. Under general principles of fiduciary law, fiduciaries are bound to a duty of care. They are liable not only when they act intentionally or knowingly, but when they fail to act with due care. *See* Restatement (Second) of Trusts § 174 (1959) ("The trustee is under a duty to the beneficiary in administering the trust to exercise such care and skill as a man of ordinary prudence would exercise in dealing with his own property[.]"); *cf. Loy v. Harter*, 128 S.W.3d 397, 407 (Tex. App. 2004, pet. denied) (noting that corporate officers, as fiduciaries, owe "duties of obedience, loyalty, and due care"). Thus the fiduciary duty established by the CTFA would be weakened by requiring for civil liability that the trustee acted intentionally or knowingly.

The court has located two court of appeals cases decided after *Lively* that specify "the requisite scienter" as an element of a CTFA claim. *See Kelly v. Gen. Interior Constr., Inc.*, ___ S.W.3d ___, 2008 WL 2605614, at *3 (Tex. App. July 3, 2008, pet. filed); *C&G*, 165 S.W.3d at 453. Neither case, however, decides or rests

- 7 -

its holding on whether a mental state is required for civil liability. *See Kelly*, 2008 WL 2605614, at *3-4 (deciding whether plaintiffs sufficiently alleged defendants' "minimum contacts" with Texas to assert claim against them under CTFA); *C&G*, 165 S.W.3d at 455-56 (deciding whether defendants were liable under CTFA and focusing on whether they had "control or direction" of trust funds). Because these cases do not decide the precise question resolved in *Lively*, the court follows *Lively* and holds that plaintiffs need not establish Green's mental state as an element of their CTFA claim.

C

The court considers first whether Green breached the duty imposed by the CTFA. As explained above, a trustee who receives trust funds has a duty to pay to the beneficiaries all current or past due obligations before retaining or diverting the trust funds. Under the deemed admissions, Green has admitted the following: (1) Fairbairn's employees performed labor to fulfill Fairbairn's obligations under contracts for the construction or repair or improvement of specific real property in Texas (Request No. 1); (2) Fairbairn was paid in full under these contracts (Request No. 2); (3) Fairbairn received and had control of the payments under these contracts (Request Nos. 3-4); (4) Green was a director, officer, or agent of Fairbairn (Request No. 9); and (5) Green retained the payments Fairbairn received under the contracts, without first

paying the current and past due obligations for contributions incurred or owed to plaintiffs (Request No. 10).

These admissions establish that Green was a trustee of trust funds and that he retained trust funds without first paying obligations owed to plaintiffs as representatives of Fairbairn's employees—the beneficiaries of the trust funds. Therefore, Southwestern Fund and National Fund have established beyond peradventure that Green breached his duty under the CTFA.

D

The court next addresses whether Southwestern Fund and National Fund are within the class of people whom the CTFA was designed to protect and whether they have asserted the type of injury that the CTFA was designed to prohibit.

The CTFA is "intended to protect beneficiaries of trust funds." *Robax*, 2008 WL 3244150, at *3 (citing *Lively*, 904 S.W.2d at 875). "'The Legislature enacted [the CTFA] as a special protection for contractors and subcontractors in order to avoid the injustice of owners' and contractors' refusal to pay for work completed.'" *Id*. (quoting *Herbert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 870 (Tex. App. 1995, no writ)); *see also In re Waterpoint,* 330 F.3d at 345 ("[The CTFA] was enacted to serve as a special protection for subcontractors and materialmen in situations where contractors or their assignees refused to pay the subcontractor or materialman for labor and materials.").

By operation of the deemed requests for admissions, Green admits that Fairbairn employees provided labor under Fairbairn's contracts for the construction, repair, or improvement of specific real property in Texas. Thus these employees are beneficiaries under the CTFA. As representatives of the beneficiaries, Southwestern Fund and National Fund are within the class of people whom the CTFA was designed to protect. Moreover, if plaintiffs are not paid the delinquent contributions, Fairbairn's employees will not receive benefits to which they are entitled for their labor. This is the type of injury that the CTFA was designed to prohibit. Therefore, the court holds that Southwestern Fund and National Fund have established beyond peradventure the elements of their CTFA claim against Green.

\* \* \*

The August 7, 2008 motion for summary judgment of Southwestern Fund and National Fund is granted, and a final judgment is filed in their favor today.

**SO ORDERED.**

October 7, 2008.

*[signature]*
SIDNEY A. FITZWATER
CHIEF JUDGE